LYNAE CRAWFORD
P.O. BOX 5608
HILLSIDE, N.J. 07205


LAWRENCE L. CRAWFORD AKA
JONAH GABRIEL JAHJAH T. TISHBITE
#300839 K.C.I. HD-134
4848 GOLD MINE HWY.
KERSHAW, S.C. 29067


IN RE: THE MINOR CHILD C.G.M.A. AND INCIDENT OCCURRING ON MARCH 14, 2024.

TO: THE UNITED STATES DISTRICT COURT OF NEW JERSEY,
   MS. SHARAE LEWIS-GRIFFIN (SCHOOL PRINCIPAL),
   MS. BIGS. (CHIEF PRIMARY PERSON OF INFRACTION),
   THE KIPP-SPARK ACADEMY,
   MS. JOLIE BATTISTA (ESSEX COUNTY SUPERVISOR OF CHILD STUDY TEAM),
   MS. KARA BROCKETT (DIRECTOR OF SPECIAL EDUCATION AT KIPP-SPARK ACADEMY),
   MR. JOSEPH ZARRA (INTERIM EXECUTIVE COUNTY SUPERINTENDENT),

PLEASE BE ADVISED, THIS CORRESPONDENCE IS INITIATED FOR THE PURPOSE OF SEEKING INFORMAL RESOLUTION AND EXHAUSTION OF STATE ADMINISTRATIVE REMEDIES FOR PURPOSES OF IN HOPES THAT WE CAN REMEDY THE CRUEL PSYCHOLOGICAL ABUSE AND INJUSTICE THAT HAS OCCURRED TO THE MINOR CHILD C.G.M.A. THAT OCCURRED ON MARCH 14, 2024 BY MS. BIGS.

ON THAT DATE YOUR EMPLOYEE, MS. BIGS ENGAGED IN

1-of-6

OVERWHELMING ABUSIVE BEHAVIOR TOWARDS OUR FAMILY MEMBER, BY VERBALLY, CONSISTENTLY, YELLING AND SHOUTING AT THE MINOR CHILD, C.G.M.A., DURING AN ALLEGED SCHEDULED TESTING, WHERE THIS ABUSIVE, ARBITRARY, CAPRICIOUS YELLING AND SHOUTING AT THE MINOR CHILD C.G.M.A., HAS LEFT HIM IN OVERWHELMING TEARS, PSYCHOLOGICAL DISTRESS AND MENTAL CRISIS, SUBJECTING HIM TO WITHDRAWAL, BED WETTING AND INSOMNIA, PLACING HIM IN SUCH A PSYCHOLOGICAL STATE AND CRISIS THAT HE IS IN OVERWHELMING ANXIETY, DRED, FEAR, OF EVER RETURNING TO YOUR SCHOOL AND CARE DEMONSTRATING CLEAR INJURY. THIS ACT OF EXTREME PSYCHOLOGICAL ABUSE OF THE MINOR CHILD, C.G.M.A., HAS ALSO CAUSED OVERWHELMING DISTRESS, PAIN AND MENTAL ANGUISH UPON THE PERSON OF THE MINOR CHILD, C.G.M.A.'S MOTHER, LYNAE CRAWFORD, AND HIS GRAND UNCLE/GRAND FATHER, LAWRENCE L. CRAWFORD, SUBJECTING BOTH, TO INSOMNIA, DISTRESS, ANXIETY, FEAR OF HIS EVER BEING REQUIRED TO BE RETURNED TO THE SCHOOLS SUPERVISION AND CARE. FOR THIS EGREGIOUS ACT OF PSYCHOLOGICAL ABUSE, DUE PROCESS VIOLATION, CIVIL RIGHTS VIOLATION, EQUAL PROTECTION OF THE LAWS VIOLATION THAT RESULTED IN INJURY AFOREMENTIONED, NOT JUST TO THE MINOR CHILD, C.G.M.A., BUT ALSO TO HIS MOTHER AND GRANDFATHER FOR HAVING TO BE PRIVY AND WITNESS TO THEIR FAMILY MEMBER'S SUFFERING. WE ARE SEEKING THE FOLLOWING:

(1) WE WANT THE IMMEDIATE TERMINATION OF MS. BIGS AS AN EMPLOYEE OF YOUR SCHOOL.

(2) WE WANT ALL COUNSELLING THAT HAD TO BE ACCRUED FOR THE MINOR CHILD AND FAMILY MEMBER(S) PAID FOR IN FULL WITH NO DEDUCTIBLES ATTACHED THERETO.

(3) THE PLAINTIFFS SEEK THAT THE KIPP-SPARK ACADEMY AND ITS ASSOCIATES COVER ANY NECESSARY COST IN FULL TO SEND THE MINOR CHILD, C.G.M.A., TO ANOTHER CHARTER SCHOOL, CHRISTIAN BASED, DUE TO THE EGREGIOUS INJUSTICE THAT HAS OCCURRED TO THE MINOR CHILD, C.G.M.A, WHILE UNDER THE CARE AND SUPERVISION OF THE KIPP-SPARK ACADEMY.

(4) THE PLAINTIFF(S) SEEK $250K IN COMPENSATORY AND OR PUNITIVE DAMAGES FOR THE INJUSTICES THAT HAVE OCCURRED RELATED TO THIS MATTER.

INSOMUCH, THE ACTIONS ON THE PART OF MS. BIGS DEMONSTRATE NEGLECT IN DUTY, INCOMPETENCY, NEGLIGENCE IN PERFORMANCE OF DUTY, WILLFUL VIOLATION OF THE SCHOOLS LAWS AND OR POLICIES, AND PRODUCE ARBITRARY, CAPRICIOUS BEHAVIOR AND CONDUCT WHICH MUST IN FUNDAMENTAL FAIRNESS TO THE PLAINTIFFS, BE CORRECTED AND REMEDIED, MONTANYE v. WISSACKICKON SCHOOL DIST., 2003 WL 22096122. EDUCATION IS A CONSTITUTIONAL RIGHT WHICH IS ALSO MANDATED BY STATUTE BY THE STATE OF NEW JERSEY, PLYLER v. DOE, 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d. 786(U.S.1982).

THE GRANDFATHER/GRAND UNCLE, LAWRENCE L. CRAWFORD, AS SOVEREIGN FIDUCIARY HEIR, ESTABLISHED BY "CONTRACT" BY "COVENANT" PROTECTED BY THE U.S. CONSTITUTION UNDER ARTICLE 1 § 10, HAS LEGAL RIGHT AND DUTY TO INTERVENE, FILE AS DIRECT PARTY TO PROTECT THE RIGHTS OF THE BENEFICIARIES OF THE CESTUI QUE TRUST, TO WHICH LINAE CRAWFORD AND THE MINOR CHILD, C.G.M.A., ARE INDEED BENEFICIARIES OF IN THAT EXTENT. JUDICIAL DECISION ENDEAVOR TO PLOT A LINE BETWEEN STATE ACTION SUBJECT TO 14TH. AMENDMENT SCRUTINY AND PRIVATE CONDUCT (HOWEVER EXCEPTIONABLE) THAT IS NOT, TARKANIAN, SUPRA., AT 191, 109  454; JACKSON v. METROPOLITAN EDISON CO., 419 U.S. 345, 349, 95 S.Ct. 449, 42 L.Ed.2d. 477(1974). THE JUDICIAL OBLIGATION IS NOT ONLY TO "PRESERVE AN AREA OF INDIVIDUAL FREEDOM BY LIMITING THE REACH OF THE FEDERAL LAW AND AVOID THE IMPOSITION OF RESPONSIBILITY ON A STATE CONDUCT IT COULD NOT CONTROL", TARKANIAN, SUPRA AT 191, 109 S.Ct. 454 (QUOTING LUGAR SUPRA. AT 936-937, 102 S.Ct. 2744), BUT ALSO TO ENSURE THAT THE CONSTITUTIONAL STANDARDS ARE INVOKED "WHEN IT CAN BE SAID THAT THE STATE IS RESPONSIBLE FOR THE SPECIFIC CONDUCT OF WHICH THE PLAINTIFF(S) COMPLAIN", BLUM SUPRA., at 1004, 102 S.Ct. 2777 (EMPHASIS IN ORIGINAL). IF THE 14TH. AMENDMENT IS NOT TO BE DISPLACED, THEREFORE, ITS AMBIT CANNOT BE A SIMPLE LINE BETWEEN STATES AND PEOPLE OPERATING OUTSIDE FORMALLY GOVERNMENTAL

ORGANIZATIONS, AND THE DEED OF AN OSTENSIBLY PRIVATE ORGANIZATION OR INDIVIDUAL IS TO BE TREATED SOMETIMES AS IF A STATE HAS CAUSED IT TO BE PERFORMED. DUE TO THE STATE REQUIRING EDUCATION OF CHILDREN, DISABLED CHILDREN INCLUDED, AND THEIR INADEQUATELY FUNDING AND SUPPORTING AND STAFFING NORMAL PUBLIC SCHOOLS. THE STATE BY ITS ACTIONS OR INACTIONS HAS CAUSED THE EXISTENCE OF CHARTER SCHOOLS TO OCCUR TO FILL THE GAP. THUS, WE SAY THAT THE STATE ACTION MAY BE FOUNDED IF, THOUGH ONLY IF, THERE IS SUCH A CLOSE NEXUS BETWEEN THE STATE, ei. STATUTE REQUIRING EDUCATION OF CHILDREN, AND THE CHALLENGED ACTION" THAT SEEMINGLY PRIVATE BEHAVIOR "MAY BE FAIRLY TREATED AS THAT OF THE STATE ITSELF", JACKSON SUPRA., AT 351, 95 S.Ct. 449, BRENTWOOD ACADEMY v. TENNESSEE SECONDARY SCHOOL ATHLETIC ASS'N, 531 U.S. 288, 121 S.Ct. 924, 148 L.Ed.2d. 807(U.S.2001).

THERE IS ALSO POTENTIAL LIABILITY UNDER STATE CREATED DANGER THEORY WHERE MS. BIGS EXERCISED HER AUTHORITY TO HARM THE PLAINTIFF(S) MINOR CHILD, C.G.M.A., UNDER THE AUSPICE OF REQUIRED TESTING, CALLAWAY v. SMALLS, 576 F.Supp.3d. 232 (D.N.J.2021).

WHEN THE SUPERVISING ENTITIES AND OR AGENTS ARE GIVEN NOTICE OF THIS UNCONSTITUTIONAL AND UNPROFESSIONAL CONDUCT, AND DO NOT FIRE AND OR REMOVE THE PERSON OF MS. BIGS FROM ANY ENVIRONMENT THAT INVOLVES THE CARE AND TESTING OF CHILDREN, GIVING AND PROVIDING OPPORTUNITY FOR CONTINUED ENGAGEMENT WITH ANY CHILD UNDER THESE CIRCUMSTANCES. SUCH FAILURE DEMONSTRATES KNOWLEDGE AND ACQUIESCENCE TO THAT CONDUCT, AS REQUIRED BY § 1983 CLAIM FOR FAILURE TO TRAIN AND SUPERVISE AGAINST PARTIES UNDER SUPERVISORY LIABILITY THEORY WHICH HAS PRODUCED THIS INJURY STATED, DOE ON BEHALF OF DOE v. SMALL, 654 F.Supp.3d. 376(D.N.J.2023).

THE PLAINTIFF(S) WANT YOU TO PRODUCE THE INCIDENT REPORT THAT WAS REQUIRED ISSUED UPON MS. BIGS FOR THESE EGREGIOUS, CAPRICIOUS AND ARBITRARY ACTS OF PSYCHOLOGICAL ABUSE PERPETRATED AGAINST THE PLAINTIFF(S) MINOR CHILD AND OR FAMILY MEMBER, C.G.M.A., TO DEMONSTRATE THAT SAID REQUIRED INCIDENT REPORT WAS

IMMEDIATELY DONE, DATED, UPON LYNAE CRAWFORD GIVING YOU ALL INITIAL NOTICE OF THE WRONG DONE, F.A. BY P.A. v. W.J.F., 280 N.J. SUPER 570, 656 A.2d. 43 (N.J.App.Div.1995).

THE ACTIONS OF MS. BIGS VIOLATED THE MINOR CHILD, C.G.M.A., AND HIS FAMILY MEMBER(S) CIVIL RIGHTS, THE EQUAL PROTECTION OF THE LAWS CLAUSE AND DUE PROCESS LAW WHERE THE SCHOOL IS BOTH PUBLIC AND PRIVATE AND POTENTIALLY RECEIVE FEDERAL FUNDING AND WHERE THE STATE OF NEW JERSEY MAKES IT LEGALLY REQUIRED THAT CHILDREN WITHIN THE STATE BE EDUCATED WHERE SUCH EDUCATION, EVEN FOR THOSE CHALLENGED BY DISABILITY, AND OR TESTING, MUST OCCUR IN AN ENVIRONMENT THAT IS CONDUCIVE TO PROPER LEARNING AND UNDER CONDITIONS THAT WOULD NOT PRODUCE ANY HARM PHYSICALLY OR PSYCHOLOGICALLY. THIS IS INFORMAL RESOLUTION AND EXHAUSTION OF ADMINISTRATIVE REMEDIES. BUT PLEASE BE ADVISED THAT THE MINOR CHILD AND PLAINTIFFS ARE OF FOREIGN ROYAL BLOOD WHERE BY THIS ACTION WE WOULD BE ALSO INVOKING PROTECTIONS UNDER THE FOREIGN SOVEREIGN IMMUNITY ACT. THUS, EXHAUSTION OF ADMINISTRATIVE REMEDIES IS NOT REQUIRED, NEAD v. UNION COUNTY EDUCATIONAL SERVICES COM'N., 2011 WL 166245 (N.J.App.Div.2011); L.A. v. NEW JERSEY DIV. OF YOUTH AND FAMILY SERVICES, 217 N.J. 311, 89 A.3d. 553(SUP.Ct.2014); De Csepel v. REPUBLIC OF HUNGARY, 859 F.3d. 1094, 1101+ D.C.Cir.; de CSEPEL v. REPUBLIC OF HUNGARY, 613 F.Supp.3d. 255 (D.D.C.2020); T.R. v. KINGWOOD T.P. Bd. OF EDUC., 205 F.3d. 572 (3rd;Cir.2000); DISABILITIES EDUC. ACT § 612(1); G.A. EX REL L.A. v. RIVERVALE BD. OF EDUC., 2013 WL 5305230, *10+ D.N.J.; R.S. v. SOMERVILLE BD. OF EDUC., 2011 WL 32521, * 9+ D.N.J.. YOU HAVE (15) DAYS FROM THE DATE OF RECEIPT OF THIS LETTER/NOTICE TO RESPOND AND COME TO SOME AGREEMENT ON THE RESOLUTION OF THESE MATTERS WHICH INCLUDE THE MONETARY RELIEF DEMANDED OR LEGAL ACTION SHALL FOLLOW.

RESPECTFULLY,
LYNAE CRAWFORD

JONAH THE TISHBITE

MARCH 28, 2024

*[signature]*

THE PLAINTIFF(S) ALSO GIVE THE PARTIES JUDICIAL NOTICE THAT WE INVOKE THE PROVISIONS UNDER THE ACT, N.J.A.C. 6A:28-1.4(a) FOR VIOLATIONS OF THE SCHOOL ETHICS ACT. THIS DOCUMENT ACTS AS A FUNCTIONAL EQUIVALENT TO ANY REQUIRED DOCUMENT OR COMPLAINT THAT CAN BE SUBMITTED FOR THAT PURPOSE TO ALLOW ANY NEEDED COMMISSION TO ENTERTAIN JURISDICTION OVER THIS MATTER FOR PROPER RESOLUTION AND REVIEW.