THE MULTI-DISTRICT LITIGATION PANEL COURT,
THE DISTRICT OF COLUMBIA ET. AL.,

| | |
|---|---|
| LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE ET. AL., | ) ) ) ) MDL. CASE NO. 3116 ) |
| PETITIONER(S) | ) ) ) *File in case* ) *2:24-cv-3934-MEF-JBC* ) ) ) **AFFIDAVIT OF SERVICE** ) |
| THE IN RE: LAWRENCE L. CRAWFORD LITIGATION CASES | ) ) ) ) ) |

WE, JONAH GABRIEL JAHJAH T. TISHBITE AKA LAWRENCE L. CRAWFORD, ALTON CHISOLM, ANTHONY COOK, JEREMIAH MACKEY JR. ET. AL., DO HEREBY CERTIFY, THAT WE HAVE MAILED AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION FOR FULL DISCLOSURE; MOTION FOR RECUSAL AND MOTION TO MOTION THEREFOR, ON THE MULTI-DISTRICT LITIGATION PANEL COURT IN WASHINGTON, D.C., IN PORTLAND, MAINE, AND ON ALL INVOLVED PARTIES, BY U.S. MAIL POSTAGE PREPAID, BY PLACING IT IN THE INSTITUTION MAILBOX ON JULY 1, 2024. IT IS DEEMED FILED ON THAT DATE, <u>HOUSTON v. LACK</u>, 287 U.S. 266, 273-76, 108 S.Ct. 2379(U.S.1988).

1-of-6    RESPECTFULLY,
JONAH THE TISHBITE

ANTHONY COOK

*Anthony Cook*

JEREMIAH MACKEY JR.

*Jeremiah Mackey*

ALTON CHISOLM

*Alton Chisolm*

JULY 1, 2024

THE MULTI-DISTRICT LITIGATION PANEL COURT
THE DISTRICT OF COLUMBIA ET. AL.,

| | |
|---|---|
| LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE ET. AL., | ) ) ) ) MDL. CASE NO. 3116 |
| PETITIONER(S) | ) ) ) |
| | ) AFFIDAVIT OF FACTS GIVING ) JUDICIAL NOTICE; MOTION FOR ) FULL DISCLOSURE; MOTION FOR ) RECUSAL AND MOTION TO ) MOTION THEREFOR |
| THE IN RE: LAWRENCE L. CRAWFORD LITIGATION CASES | ) ) ) ) ) ) |

TO: THE MULTI-DISTRICT LITIGATION PANEL COURT,
THE HONORABLE JUDGE KAREN K. CALDWELL,

JUDGE CALDWELL AND MULTI-DISTRICT LITIGATION PANEL COURT. THE PETITIONERS WITHIN THIS CASE I FEEL HAVE A MORE THAN LEGITIMATE CONCERN. WE MOTION FOR FULL DISCLOSURE BEFORE ANY MOTION FOR ORAL ARGUMENT OR ANY OTHER MOTIONS BE HEARD WITHIN THIS CASE. WE RESPECTFULLY POSE THE QUESTION: WHO ARE JUDGES DAVID C. NORTON AND MATTHEW F. KENNELLY THAT ARE CURRENTLY ASSIGNED TO THIS PANEL? IS JUDGE DAVID C. NORTON THE S.C. DISTRICT COURT JUDGE THAT IS FROM THE SOUTH CAROLINA DISTRICT COURT? IS JUDGE MATTHEW F. KENNELLEY THE FEDERAL JUDGE FROM THE STATE OF ILLINOIS? IF SO, THE PETITIONER(S) RESPECTFULLY MOTION FOR THE RECUSAL OF THESE TWO JUDGES FROM THE PANEL AND RESPECTFULLY SEEK THAT THE HONORABLE JUDGE KAREN K. CALDWELL AND

THE MULTI-DISTRICT LITIGATION PANEL ASSIGN TWO OTHER ADDITIONAL JUDGES TO REVIEW THE PETITIONERS MATTERS NOW PLACED BEFORE THIS PANEL COURT. WE MOTION FOR FULL DISCLOSURE. IF THESE ARE THE TWO JUDGES FOR WHICH WE HAVE CONCERN. THESE TWO JUDGES ARE A PART OF THE CONSPIRACY AND UNCONSTITUTIONAL ACTION THAT PRODUCED THE LITIGATION THAT IS PRESENTLY BEFORE THIS COURT AND AIDED TO THE OBSTRUCTION OF JUSTICE SINCE 2006 IN THE HEARING OF THESE MATTERS BEFORE THE COURTS INVOLVED. THEIR NAMES ARE MADE A PART OF THE COURT RECORD UNDER CASE 2:23-cv-02962-JLG-CHG WITHIN THE OHIO DISTRICT COURT. THEREFORE, IT WOULD BE HIGHLY INAPPROPRIATE FOR THESE TWO JUDGES TO SIT UPON THIS CASE WHEN IT IS THEIR ACTIONS INVOLVING THESE MATTERS THAT ARE BEING CALLED INTO QUESTION. THEIR PRESENCE PRODUCES A POTENTIAL FOR BIAS THAT RISES TO AN UNCONSTITUTIONAL LEVEL ESTABLISHING CONSTITUTIONAL STRUCTURAL ERROR WHERE THEIR PRESENCE WOULD EVEN TAINT OR COMPROMISE THE DECISION MAKING PROCESS OF THE OTHER JUDGES INVOLVED. THEY WOULD BE POTENTIALLY SITTING UPON THEIR OWN CASES BASED UPON THE FRAUD UPON THE COURTS INVOLVED AND OBSTRUCTION OF JUSTICE, VIOLATION OF OATHS OF OFFICE TO UPHOLD THE U.S. CONSTITUTION ALSO PRODUCING VIOLATIONS OF 18 U.S.C. § 1001 WHERE THESE JUDGES CONSPIRED TO CONCEAL THE DEFAULT THAT THE UNITED STATES GOVERNMENT IS ARGUED SUBJECT TO. THUS THE POTENTIAL FOR BIAS RISES TO AN UNCONSTITUTIONAL LEVEL BY THEIR PRESENCE. WE MOTION TO RECUSE THESE TWO JUDGES, UNITED STATES v. QUINNONES, 2016 WL 4413149, * 6+ (S.D.Va.2016); U.S. v. ECCLESTON,--Fed. Appx'--, 2015 WL 4591890 CA4 (Md.2015); U.S. v. HACKELY, 662 F.3d. 671 CA4 (Va.2011); WILLIAMS v. PENNSYLVANIA, 136 S.Ct. 1899, 195 L.Ed.2d. 132, 84 U.S.L.W. 4359(U.S.2016); U.S. v. LAWRENCE, F.Supp.3d., 2015 WL 856866(S.D.Va.2015); BLUE SKY TRAVEL AND TOURS, LLC. v. AL TAYYAR,--Fed. Appx'--, 2015 WL 1451636(Va.2015).

THE CRITERION ESTABLISHED BY THE WILLIAMS CASE IS (3) PRONG TO WHICH IF ANY ONE OF THE PRONGS EXIST RECUSAL BECOMES MANDATORY IN FUNDAMENTAL FAIRNESS TO THE PARTIES INVOLVED. THEY ARE: (1) A JUDGE CANNOT SIT UPON HIS OWN CASE; (2) HE CANNOT SIT IF HE HAS AN INTEREST IN THE OUTCOME; (3) HE CANNOT SIT IF THE POTENTIAL FOR BIAS RISES TO AN UNCONSTITUTIONAL LEVEL. ALL (3) OF THESE EXIST BY THESE TWO JUDGES PRESENCE WHERE IN FUNDAMENTAL

FAIRNESS TO THE PETITIONERS THE PANEL BY OUR RIGHTS OF DUE PROCESS MUST REMOVE THIS POTENTIAL FOR BIAS THAT OBVIOUSLY RISES TO AN UNCONSTITUTIONAL LEVEL ESTABLISHING STRUCTURAL ERROR THAT WOULD VOID THE PANEL'S JURISDICTION AB INITIO UNDER THE CONSTITUTIONAL PRONG AND OR ELEMENT TO SUBJECT MATTER JURISDICTION WARRANTING RECUSAL, BENTON v. BURNS, 2017 WL 491251(D.C.Md.2017); PEGG v. HEARNBERGER, 845 F.3d 112(4th.Cir.2017); BERGER v. U.S., 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481(U.S.1921); CANADA v. MILLER, F.Supp.3d., 2014 WL 1512245(2014); BOOTH v. BALLARD, 2016 WL 1275054(2016)(DEMONSTRATING THAT EVIDENTIARY HEARING MUST BE GIVEN).

NO MAN CAN TRY A CASE TO WHICH HE HAS AN INTEREST IN THE OUTCOME. EXTRA-JUDICIAL BIAS WAS ONLY **"ONE OUT OF MANY"** EXAMPLES THE UNITED STATES SUPREME COURT REFERRED TO SOUGHT TO ADDRESS. WHEN THE OBJECTIVE RISK OF ACTUAL BIAS **"OF ANY KIND"** (EMPHASIS ADDED) RISES TO AN UNCONSTITUTIONAL LEVEL, UNDER THE DUE PROCESS CLAUSE, THE FAILURE TO RECUSE IS **"[N]OT"** A HARMLESS ERROR BECOMING STRUCTURAL IN NATURE WHICH WOULD VOID THE PANEL'S JURISDICTION FOR DUE PROCESS VIOLATION. JUDGES NORTON AND KENNELLY IN FUNDAMENTAL FAIRNESS TO THE PETITIONERS WOULD BE REQUIRED TO RECUSE THEMSELVES.

THE LANGUAGE ISSUED BY THE UNITED STATES SUPREME COURT IS CLEAR AND UNAMBIGUOUS IN THE WILLIAMS CASE AS STATED: "ON THE QUESTION ON RECUSAL, THE COURT ASKS **"[N]OT"** WHETHER A JUDGE HARBORS AN ACTUAL BIAS (FOR EXAMPLE, JUDICIAL BIAS), BUT **"INSTEAD"** (EMPHASIS ADDED) WHETHER, AS AN OBJECTIVE MATTER THERE IS A **"[P]OTENTIAL"** FOR BIAS OF **"ANY KIND"** (EMPHASIS ADDED) THAT RISES TO AN UNCONSTITUTIONAL LEVEL", WHICH IS CONSPICUOUS THAT SUCH AN UNCONSTITUTIONAL LEVEL OF BIAS DOES EXIST WHERE THESE TWO JUDGES POTENTIALLY CONSPIRED UNDER COLOR OF LAW AND OR AUTHORITY TO IMPEDE, OBSTRUCT, HINDER, AND DEFEAT THE DUE COURSE OF JUSTICE TO PREVENT "JUST AND FAIR" JUDICIAL REVIEW OF THESE MATTERS SINCE 2006 FOR ALMOST 20 YEARS. RECUSAL BECOMES IMPERATIVE IN THIS CASE. THIS CASE POTENTIALLY EFFECTS THE ENTIRE NATION.

MULTI-DISTRICT LITIGATION PANEL AND HONORABLE JUDGE KAREN K. CALDWELL THERE ARE FAR TOO MANY OTHER JUDGES AROUND THE NATION THAT CAN BE CALLED UPON TO REVIEW THIS CASE THAT WOULD ELIMINATE ANY POSSIBILITY OF IMPROPRIETY. THEREFORE, WE RESPECTFULLY MOTION FOR THESE TWO JUDGES RECUSAL AND SEEK THAT THE MULTI-DISTRICT PANEL APPOINT TWO OTHER JUDGES THAT THERE WOULD BE NO CONCERNS OF THEY PRESIDING OVER THESE MATTERS. WE MOTION FOR RECUSAL IF THESE ARE THE TWO JUDGES FROM THE SOUTH CAROLINA DISTRICT COURT AND THE STATE OF ILLINOIS IN QUESTION, CAPEATON v. A.T. MASSEY COAL CO. INC., 556 U.S. 868, 129 S.Ct. 2252, 173 L.Ed.2d. 1208 (U.S.2009); JOHNSON v. STEVENSON, 2016 WL 1156649(DSC.2016); KENWOOD GARDENS CONDOMINIUMS INC. v. WHALEN PROPERTIES, LLC., 2016 WL 6788052, * 11+ (Md.2016).

RESPECTFULLY,
JONAH THE TISHBITE

ANTHONY COOK
*(signed) anthony Cook*

JEREMIAH MACKEY JR.
*(signed)*

ALTON CHISOLM
*(signed) alton Chisolm*

JULY 1, 2024